|   |   |
|---|---|
| Nicola Montuori<br>vs.<br>Russell C. Wiatt | No. 91693. |

DECISION.

February 15, 1934.

CARPENTER, J.   This is an action brought by·Nicola Montuori, the husband of Carmela Montuori, to recover for money laid out and expended for medical treatment, medicine, and so forth, made necessary by injuries received by said Carmela Montuori in the accident described in decision filed in the case of *Carmela Montuori* vs. *Russell C. Wiatt*, numbered 91694 in this Court.

For the reasons set forth in said decision, the Court renders decision for the plaintiff in the sum of $250.

For plaintiff: Michael Addeo.

For defendant: Sherwood & Clifford.

|   |   |
|---|---|
| Glens Falls Indemnity Co.<br>vs.<br>American Awning & Tent Co., et als. | Eq. No. 12496. |

February 16, 1934.

CHURCHILL, J.   Heard on demurrer.

The only ground urged at the hearing was that the bill is multifarious.

The case made by the bill is this:

The complainant, hereinafter called "Indemnity Company", is surety on three bonds given by the Sherry Construction Company, hereinafter called the "Construction Company", to the State of Rhode Island to secure the performance by the Construction Company of three separate contracts: one for the improvement and construction of the Danielson Pike in Scituate and Foster; another for the Warren and Bristol Highway, and a third for Newport Avenue in Pawtucket.

The contracts and the bonds securing them are identical in their general provisions.

The Danielson Pike contract was declared in default on June 2, 1930, and thereafter the Indemnity Company, under a contract with the State, completed the contract at a net loss of $22,987.19.

On the same day the Warren and Bristol contract was declared in default and this contract was likewise completed by the Indemnity Company at a loss of $6,866.50.

The Newport Avenue contract was completed by the Construction Company to the satisfaction of the State of Rhode Island.

Under the contracts between the State and the Construction Company, the State was entitled to retain a certain percentage of the amounts earned under the contracts, and, acting under this provision in each contract, the State has retained $10,608.32 under the Danielson Pike contract, $4,941.46 under the Warren and Bristol contract, and $2,995.47 under the Newport Avenue contract.

At the time the Indemnity Company went on the several bonds as surety, the Construction Company entered into a contract covering each bond, whereby the Construction Company agreed to indemnify the Indemnity Company for all loss it might sustain under such bond. Each indemnifying instrument contained the following undertaking on the part of the Construction Company.

"To assign, transfer and set over and does and do hereby assign, transfer and set over to the Company (The Indemnity Company) as collateral to secure the obligations herein and any other indebtedness and liabilities of the insured to the company whether heretofore or hereafter incurred * * * any and all percentages retained on account of said contract".

At the time of the defaults under the Danielson Pike and Warren and Bristol contracts, as well as under the Newport Avenue contract, there were a number of unpaid subcontractors, some seventy in number, who had furnished lumber and material prior to the defaults. All these parties claim they are entitled to recover from the Indemnity Company and are made respondents to the bill. Arthur Watson, the demurrant, is a sub-contractor under the Danielson Pike contract.

The bill seeks a determination, among other things, of the liability of the Indemnity Company to the labor and material claimants and the amounts of the claims, if liability is established.

The State has refused to pay the retained percentages to the Indemnity Company. taking the position that the labor and material claims have a priority against such funds. The position is contested by the Indemnity Company, which claims a priority for its benefit.

The purpose of the bill is for a determination of the question of liability of the Indemnity Company to the respondent claimants and the amounts of their claims; the settlement of the question of priority to retain percentages; and the rights of the Indemnity Company to such amounts so withheld.

Respondent Watson demurs on the ground that he is improperly joined with the respondents who have claims under the other construction contracts and bonds. He says that there are in reality here presented three separate and distinct controversies involving separate bonds and contracts. and hence that it is improper to join him in such distinct controveries.

That a surety on a contract bond may maintain a bill of peace to settle numerous and conflicting claims arising under such bonds seems to be settled by

*U. S. Fidelity & Guaranty Co.* vs. *R. I. Covering Co., et al.,* 53 R. I. 397.

For a case closely in point see

*Maryland Casualty Co.* vs. *Board of Water Com'rs.*, 21 Fed. (2nd) 1005.

In *Arnold* vs. *Arnold*, 9 R. I. 397, it was said:

"If the object of the suit is single, but it happens that different persons have separate interests in distinct questions which arise out of a single object, the different persons may be brought before the court that the suit may conclude the whole subject.

"And a bill is not multifarious where one general right is claimed by the plaintiff, although the defendant may have separate and distinct interests."

The complainant here has but one main object and that is to have his liabilities under the bonds and his claim of priority established. The controversies under the three bonds are tied together by the provisions of the indemnifying contract, which purports to vest in the Indemnity Company by way of assignment the retained percentages under one contract with the right to apply such retained percentages to a debt incurred or a loss sustained by the Indemnity Company under another contract and bond of the same contractor.

*Lacy* vs. *Maryland Casualty Co.*, 32 Fed. (2nd) 48.

If the modern rule in respect to multifariousness be applied, the result is the same. The inconvenience the respondent may suffer is outweighed by the obvious convenience of settling and determining the questions of liability and the rights of the parties arising under these bonds in one proceeding.

*Brown* vs. *Tilley*, 25 R. I. 579.

The demurrer is overruled.

For complainant: Greenough, Lyman & Cross.

For respondent, Watson: Alfred G. Chaffee.